IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
:
UNITED STATES OF AMERICA       :        3:05 MC 318 (JBA)
:
:
V.                             :
:        DATE: JANUARY 9, 2006
JONATHAN JAEGER.               :
:
------------------------------------------------------------x

RECOMMENDED RULING ON PETITION TO ENFORCE INTERNAL REVENUE
SERVICE SUMMONS AND ON RESPONDENT'S MOTION TO DISMISS

On October 14, 2005, petitioner filed the pending Petition to Enforce Internal Revenue Service Summons (Dkt. #1), with a declaration of IRS Revenue Agent Brian Milewksi, dated October 13, 2005 attached as Exh. A and a copy of an IRS Summons, issued on July 11, 2005 attached as Exh. B.  As the Petition and Milewksi Declaration indicate, Agent Milewski is conducting an investigation of the tax liability of the Respondent, Jonathan Jaeger, for the period ending 2003 and in connection with this investigation, served an IRS Summons upon Respondent; Respondent failed to appear as directed.  Milewski avers that all administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken, and the testimony and items sought by the summons are necessary in order to determine Respondent's tax liability for the period ending 2003. (Milewski Declaration ¶¶ 7-8).  On October 31, 2005, the Petition was referred to this Magistrate Judge (Dkt. #2), and two days later, on November 2, 2005, an Order to Show Cause was issued.  (Dkt. #4).

On December 20, 2005, Respondent filed his Response to Order to Show Cause (Dkt. #5), in which he asserts, inter alia, that he is not a United States citizen under the Fourteenth Amendment, that he has earned no income "effectively connected with the conduct of a trade or business" and hence has no tax liability to the IRS, that he has an "unalienable right to earn a living," that he never voluntarily accepted his Social Security

number, that he has "never knowingly, thoughtfully, intentionally, or voluntarily agreed to be subject to the jurisdiction of the IRS," that he has not waived his Fourth or Fifth Amendment rights, and that the IRS has failed to take all necessary administrative steps. He further seeks dismissal of the Petition and the award of attorney's fees in his favor. That same day, Respondent also filed a Motion to Dismiss (Dkt. #6), to which he attached as Exh. A a copy of a letter from the Social Security Administration, dated March 18, 1998, to an unnamed addressee.

On January 3, 2006, the Government filed its Opposition to Respondent's Motion to Dismiss and Reply to [Respondent's] Response (Dkt. #7), in which it argues that this Court has jurisdiction over this Summons Enforcement Proceeding (at 3-6), and that the Government has met the required elements to enforce this summons as set forth in United States v. Powell, 379 U.S. 48 (1964), namely that this investigation is being conducted pursuant to a proper purpose, the material sought is relevant to the purpose, the information requested is not already within the IRS' possession, and all of the legally required administrative steps have been followed, and that Respondent has not sustained his burden of demonstrating that the enforcement of the summons would be an abuse of the court's process. (Id. at 6-10). The brief further argues that Respondent has failed to prove a constitutional violation under the Fourth and Fifth Amendments. (Id. at 10-13). A brief hearing was held on January 9 before this Magistrate Judge (Dkts. ##3-4, 8).[1]

---

[1]As the Government's Brief points out (Dkt. #7, at 1 n.1), virtually identical claims were made by Respondent's brother, Andre Jaeger, in U.S. v. Andre H. Jaeger, Jr., 3:05 MC 195 (EBB). On September 15, 2005, this Magistrate Judge filed a Recommended Ruling on Petition to Enforce Internal Revenue Service Summons and on Respondent's Motion to Dismiss (Dkt. #11), which ruling was in favor of the Government. On October 6, 2005, Senior U.S. District Judge Ellen Bree Burns approved the Recommended Ruling. (Dkt. #12).

At the beginning of the January 9, 2006 hearing, Respondent orally moved to recuse this Magistrate Judge, on the basis of her prior involvement in his brother's action; that motion was denied.

For the reasons stated in the Government's brief (Dkt. #7), the Petition to Enforce Internal Revenue Summons (Dkt. #1) is hereby <u>granted</u> and Respondent's Motion to Dismiss (Dkt. #6) is hereby <u>denied</u>.  The Enforcement Order and Judgment is hereby filed with this Recommended Ruling.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 9th day of January, 2006.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge