UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **United States of America,** : | |
|     Petitioner, : | |
| : | |
| v. : | Case No. 3:05mc318 (JBA) |
| : | |
| **Jonathan Jaeger,** : | |
|     Respondent. : | |

**RULING APPROVING AND ADOPTING RECOMMENDED RULING GRANTING
PETITION AND DENYING RESPONDENT'S MOTION TO DISMISS
[Docs. # 1, 6, 9]**

As set out in the Recommended Ruling of Magistrate Judge Joan Glazer Margolis [Doc. # 9], on October 14, 2005, petitioner filed its Petition to Enforce Internal Revenue Service Summons [Doc. # 1] and accompanying documents showing that IRS Revenue Agent Brian Milewski is investigating the tax liability of respondent and, in connection with his investigation, served an IRS summons on respondent and respondent failed to appear.  After issuing an order to show cause and receiving responses thereto and respondent's Motion to Dismiss [Doc. # 6], Magistrate Judge Margolis issued a Recommended Ruling granting the Petition and denying the Motion to Dismiss.  Respondent now objects to that Ruling, contending: (1) Magistrate Judge Margolis is biased and should have recused herself because she presided over a case brought by the Government against respondent's brother; (2) Magistrate Judge Margolis failed to rule on certain objections to "the prejudicial introduction and irrelevancy of the fact that

1

this same court had already ruled on [r]espondent's brother's case;" (3) petitioner "failed to introduce one shred of evidence countering [r]espondent's claim that no in personam jurisdiction exists;" (4) Magistrate Judge Margolis "failed to rule on [r]espondent's objection to the court granting [p]etitioner's original petition, specifically, the ordering of the court for [r]espondent to turn over his books and records and provide information to [p]etitioner."  Respondent's Objections [Doc. # 11].[1]  For the reasons that follow, respondent's objections are OVERRULED and the Recommended Ruling is APPROVED AND ADOPTED.

**I.   Discussion**

   A.   Bias

Respondent challenges the impartiality of Magistrate Judge Margolis based on the fact that "Judge Margolis did preside over a case brought by the same [p]etitioner against [r]espondent's brother."  Respondent's Objections at ¶ 1.  The Government contends that there is no basis from which to conclude that Magistrate Judge Margolis was biased based solely on the fact

---

[1] Petitioner suggests that these objections are untimely because respondent "was given ten (10) days to object to the Recommended Ruling – or until January 19, 2006."  Petitioner's Reply [Doc. # 12] at 5.  The Recommended Ruling was issued on January 9, 2006 and respondent was entitled to 10 days from that date, exclusive of weekends and holidays, in which to file his objections. See Fed. R. Civ. P. 6(a).  Thus, by the Court's calculation, respondent had until January 24, 2006 (10 days from January 9, 2006, not including January 9 and excluding weekends and one holiday) to file his objections and did so by filing his objections on that date.

...

that she recently heard a similar case.

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned."  Section 455(b) provides further, inter alia, that any justice, judge, or magistrate judge shall also disqualify herself "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).

In reviewing a recusal decision, the reviewing court considers "whether a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned."  Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 447 (2d Cir. 2005).  Additionally, "[k]nowledge gained from the judge's discharge of [her] judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1)."  Id. In order to establish a basis for recusal, the moving party must demonstrate "'deep-seated favoritism or antagonism that would make fair judgment impossible.'" Moskovits v. Moskovits, 150 Fed. Appx. 101, 102 (2d Cir. 2005) (unpublished) (citing Liteky v. United States, 510 U.S. 540, 555 (1994)).

Respondent has made no showing here to establish any such bias.  Judges consistently sit on similar and related cases and that fact does not constitute a basis for recusal, nor has

3

respondent made any other claims or adduced any evidence of the existence of anything other than complete impartiality on the part of Magistrate Judge Margolis. Accordingly, respondent's first objection is overruled.

### B. Prejudice

Respondent next claims that Magistrate Judge Margolis did not rule on his objections to the "prejudicial introduction and irrelevancy of the fact that this same court had already ruled on [r]espondent's brother's case." Respondent's Objections ¶ 2. Respondent refers to the first footnote in petitioner's Opposition to Respondent's Motion to Dismiss [Doc. # 7], which described the arguments made by respondent's brother because they were similar to those raised by respondent in this case and in order to put respondent "on notice of the potential consequences of any possible decision to avoid complying with an Enforcement Order, should the Court issue one to him." [Doc. # 7] at 1 n.1. Again, respondent makes no showing of any prejudice suffered by him as a result of this reference. Absent such a showing, petitioner's reference to a case in which similar arguments were raised, and rejected, even if it is respondent's brother's case, is good lawyering, not objectionable or prejudicial conduct. Thus, respondent's second objection is also overruled.

### C. Jurisdiction

Respondent objects to the Recommended Ruling for "presuming

4

in personam jurisdiction in the face of a bona fide challenge to it," where respondent challenged jurisdiction and petitioner "failed to introduce one shred of evidence countering [r]espondent's claim that no in personam jurisdiction exists." Respondent's Objections at ¶ 3.

Respondent challenged personal jurisdiction and petitioner countered with its showing that respondent has signed all of his pleadings in this action with reference to a Connecticut address.[2]  Respondent has not challenged this fact, nor has he adduced any other facts which might counter petitioner's showing of personal jurisdiction, and thus respondent's third objection is overruled.

### D.   Order to Produce Books and Records

Lastly, respondent "objects to the fact that the court failed to rule on [r]espondent's objection to the court granting [p]etitioner's original petition, specifically, the ordering by the court for [r]espondent to turn over his books and records and provide information to [p]etitioner."  Respondent's Objections ¶ 4.  However, as petitioner notes, Magistrate Judge Margolis did rule on this issue in her Recommended Ruling, denying respondent's objections as raised in his Motion to Dismiss, and granting the Petition to enforce the IRS summons.  Thus,

---

[2]  Subject matter jurisdiction, which respondent does not appear to challenge, exists by virtue of 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. §§ 7402(b), 7604(a).

respondent's last objection is overruled as moot.

**II.  Conclusion**

For the foregoing reasons, respondent's Objections to Recommended Ruling [Doc. # 11] are OVERRULED, and the Recommended Ruling [Doc. # 9] GRANTING the Petition to Enforce Internal Revenue Summons [Doc. # 1] and DENYING respondent's Motion to Dismiss [Doc. # 6] is APPROVED AND ADOPTED.

                                IT IS SO ORDERED.

                                _____/s/_____
                                JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 25th day of April, 2006.**